### HENRY LEONARD *v.* WM. A. O'HARA.

A judgment in a suit by a contractor for a paving assessment against one of the owners of property fronting on the street, is not conclusive as to the rate of compensation in another action brought by the same plaintiff against other owners.

Reserved from Special Term.

This is a suit to recover an assessment for grading and paving Seventh street with Nicholson pavement, asking a judgment for $212.30, and that it might be declared a lien on the defendant's land. The answer, filed October 9, 1868, stated eight defenses, the sixth being as follows: "That the city council knew that the commissioner's certificate was false, and that the work was not done, and passed the ordinance to relieve the city from liability to the plaintiff, and the plaintiff from the duty of completing his job according to contract."

After the demurrer to all the defenses except the fourth, fifth, and sixth, to which the plaintiff replied by denials, had been argued and passed upon, the defendant, by way of amendment, without withdrawing any of his defenses, adds a ninth ground of defense: "That at the October term, 1869, of the Hamilton Common Pleas, in a suit brought by the plaintiff against Theodore Marsh for an assessment under the same ordinances and contract, seeking to charge Marsh as an owner of a lot on Seventh street, between Freeman and Cutter streets, for his share of the cost of the same improvement according to his front feet, viz: at the rate of $8.49\frac{193}{1000}$ per front foot, with interest and penalty, just as is claimed in the present case, and not otherwise, and that the petition, in that case, was exactly like the petition in this case, except that it described Marsh's premises instead of the defendant's; and that Marsh pleaded the same defense as is pleaded in the sixth defense in this case, to-wit:

"'That although said work was not done in a good and workmanlike manner, nor in accordance with the terms of said contract, and although said Lawrence, city commissioner, did certify falsely, as is alleged in his petition, and although said city council did pass said assessing ordinance, yet, that at the time of such passage, said city council well knew that said certificate was false and said work not done according to said contract, nor in a good and workmanlike manner, and adopted said ordinance with the purpose and for the end of relieving said city from liability to said plaintiff for said work as actually done, and said plaintiff from the duty of completing the same according to said contract.'

"And that the plaintiff replied in the same words and figures as in this case, and the issue having thus been joined, the cause was submitted to trial by jury under the instructions of the court, and said jury returned their verdict, finding the issue for the plaintiff, and assessing his damages, not at the rate claimed in the petition, but at

the smaller sum of seven dollars per foot front of the said lot so by said Marsh owned and abutting and bounding on said street, together with interest, but without penalty, and the court rendered judgment upon the verdict in favor of the plaintiff in said sum, which judgment is in full force, and thereupon the defendant claims that to the extent of $1.49\frac{193}{1000}$ the judgment aforesaid is an estoppel, and conclusive bar against the prosecution of this suit by the plaintiff."

To this additional ninth ground of defense the plaintiff demurred, and the questions arising upon that demurrer were reserved for decision in General Term.

*M. D. Hanover,* for plaintiff.

*E. A. Ferguson,* and *Hoadly, Jackson & Johnson,* for defendant.

TAFT, J.   Whether the issue decided by the jury and common pleas court, in the case of *Leonard* v. *Marsh,* was identical with that made in the sixth defense would be a matter of evidence, if denied.   But upon this demurrer we must regard the statement in the ninth defense as true ; and the question to be now determined is whether, being true, the defense is valid, *i. e.,* whether the fact that the plaintiff has brought suit against one of the owners of property fronting on the street improved, claiming $8.39\frac{193}{1000}$, and the defendant having set up a defense that the job was not well done, the rate per foot was fixed by the jury at $7 per foot, and ratified by the court, establishes that rate for all the owners as between them and the plaintiff, the contractor.   It is claimed that the question has been tried by the plaintiff himself and decided against him, and that he is bound by the judgment as *res adjudicata.*

By section 30 of the Municipal Corporation Act, it is provided " that proceedings at law or in equity may be

instituted against all the owners or each, or any number of them, or to enforce the lien against all the lots or land, or each lot or parcel, or any number of them, embraced in any one assessment; but the judgment or decree shall be rendered severally or separately, for the amount properly chargeable, and any proceeding may be severed in the discretion of the court, for the purpose of trial, review, or appeal."

Although the contract of the plaintiff with the city was one, yet the liabilities of the different owners were and are several. Nor can one be said to be in privity with another. Each owner is liable for his own property and for that only. Nor has he any power to defend in a suit against another. It is true that the city or the contractor to whom the assessment has been assigned, could, by express provision of the statute, join all the owners in one suit, if he had chosen to do so. But his judgments must be several. Nor could the defendant have filed a petition in error against the plaintiff in the common pleas suit. Ought he, then, to be bound by the decision of the jury? It seems to us not. "Both the litigants must be alike concluded, or the proceedings can not be set up as conclusive upon either." 1 Greenleaf's Ev., sec. 524.

If, then, the defendant was not bound by the result of the suit against Marsh, to which he was not a party, can he claim that the plaintiff shall be conclusively bound. The plaintiff was a party, but a judgment to be conclusive on either must be conclusive on both.

Here is a case where the binding obligation of the judgment seems not to be mutual. It is not binding on the defendant, because he has been a party to no proceeding which has determined the fact which is claimed to have been established. We are not prepared to hold that O'Hara was estopped by the judgment against Marsh, to make a defense and claim a greater abatement than the jury in that case made.

The question recurs, whether the fact that this rate

having been established in a suit to which the plaintiff was a party, and in which *he* had every opportunity to assert and prove a higher rate, he shall be permitted to have another chance to litigate the same question. It has been said that it would not be safe to allow such a judgment to be conclusive against the plaintiff even, who was a party, because the judgment may have been obtained by the testimony of the defendant himself, who was not a party to that proceeding, but who seeks to use it as conclusive.

The force of that consideration is very much diminished by the fact that the parties themselves are now allowed to testify. Nevertheless, we find no authority for holding a judgment conclusive on one party which is not conclusive also on the other.

The passage in Adams' Equity has been cited, which relates to bills of peace, page 440. This passage states the mode of procedure, where there is a common right or liability in a class of persons, as where a parson claims tithes, or the owner of an ancient mill claims service to his mill from the tenants of a particular district. At common law the remedy would be against each separately. But in equity they may all be joined in one suit; and an adequate number may be joined, as representatives of a larger number, where the class is numerous.

But the suit against Marsh was not of that representative character, and does not appear to have been intended as a mode of settling any general rule for the other owners. If it had been so intended, others would have been joined in the same suit. Especially would this be so, inasmuch as the statute expressly provides for uniting them all in one suit. A bill of peace brings in by personal service or by representation all the parties who are to be bound by the decree.

If all the owners had been made parties to the former suit, they would have all been bound by the rule established for all. But as the defendant was not a party he

can not claim that the rule of the case against Marsh shall conclude, as a *res adjudicata*, the plaintiff, because he is not himself concluded.

We hold, therefore, that the demurrer to the ninth ground of defense must be sustained.